DANIEL T. McGOVERN *v.* E. C. SMITH and CHAS. M. HAYS, Receivers of the Central Vermont Railroad Company.

October Term, 1900.

Present: TAFT, C. J., MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 9, 1901.

*Evidence—Collateral facts*—The fact that a railroad company maintains electric signals at some highway crossings has no tendency to show that it is negligent in not maintaining such signals at a given highway crossing.

*Introduction of evidence—Proper cross-examination*—A witness having testified to the helpless and unconscious condition of the plaintiff immediately after the claimed injury for which he sued, it was proper on cross-examination to elicit the fact that the witness at that time detected the smell of intoxicating liquor about the plaintiff.

*Party may not as a matter of right impeach his own witness*—A party cannot as a matter of right impeach his own witness by showing

that he has made statements out of court inconsistent with testimony given by him on cross-examination in response to inquiries within the proper scope of cross-examination.

CASE for injuries sustained in a collision with a railroad train operated by the defendants.    Plea, the general issue. Trial by jury, Washington County, March Term, 1900, *Tyler, J.*, presiding.    Verdict and judgment for the plaintiff.    The defendant excepted.

The plaintiff was driving on a highway leading from Waterbury to Bolton and was crossing the railroad operated by the defendants, when the sleigh in which he was driving was struck by the locomotive of a freight train and the plaintiff was hurled a considerable distance.

*F. L. Laird* and *John W. Gordon* for the plaintiff.

*John H. Senter* and *Charles M. Wilds* for the defendants.

WATSON, J.    At the crossing where the accident happened, warning boards were up in accordance with the provisions of section 3848 V. S.

Other than the ringing of the bell or the blowing of the whistle of the locomotive engine, there was no method of signaling the danger of an approaching train in use at that place. The plaintiff claimed in the trial below that other signals should have been given of the approaching train at the time in question, and that in failing so to do, the defendant was guilty of negligence.    On this question, the plaintiff was permitted to show, subject to defendant's exception, that the defendant had electric signals at certain other specified highway and street crossings on its road.    There are no statutory provisions for the use of electric signals at crossings, except in cities and villages, nor there unless ordered by the railroad commissioners under the provisions of section 3851 V. S.

It is not necessary to determine whether or not, in the absence of statutory requirements, a railroad company can be

said to be negligent in not maintaining electric signals at highway crossings outside of cities and villages; for, assuming but not deciding that it can be, the question here involved is simply one of evidence bearing thereon.

The vigilance required of the defendant was measured by the care and prudence of a prudent man in like circumstances; and whether it fell short of this requirement, depended upon the circumstances of this particular case. The fact that the defendant maintained electric signals at other specified highway or street crossings, had no tendency to show that it was negligent in not maintaining such signals at the crossing in question. Such evidence was wholly collateral to the issue, and the admission thereof was not only error, but it could hardly have been otherwise than damaging to the defendant; for the jury very likely reasoned that if the defendant maintained electric signals at the other highway and street crossings named in the evidence, it was negligent in not having similar signals at the crossing in question. *Clark, Admr.* v. *Smith & Hays,* 72 Vt. 138.

The plaintiff called as a witness one Daniel Hayden who testified in chief to helping the train men carry the plaintiff aboard the car immediately after the accident, and in effect that the plaintiff was then unconscious. In cross-examination, the defendant showed by the witness that he, at the same time, detected the smell of intoxicating liquor about the plaintiff. This was held to be new matter introduced by the defendant, and in re-examination, the plaintiff was permitted, subject to defendant's exception, to impeach the witness by showing that he had stated out of court that he did not detect the smell of any liquor on the person of the plaintiff. The direct testimony of the witness that the plaintiff was unconscious, entitled the defendant to cross-examine fully regarding the plaintiff's looks, actions, and appearances. The evidence elicited by the de-

fendant was only showing one of many facts bearing upon the plaintiff's appearance, and was within the scope of proper cross-examination. It follows that the plaintiff was permitted to impeach his own witness as a matter of right, which was error. No other questions are considered.

*Judgment reversed and cause remanded.*