KRAUSHAAR, Respondent, v. GREAT NORTHERN RY. CO., Appellant.

(240 N. W. 348.)

(File No. 7156. Opinion filed January 25, 1932.)

*Williamson, Smith & Williamson,* of Aberdeen, and *Judge & Chapman,* of Sioux Falls, for Appellant.

*D. M. Rehfeld* and *Fletcher & Fletcher,* all of Aberdeen, for Respondent.

PER CURIAM. Plaintiff, on the evening of January 27, 1930, while attempting to drive his automobile across the railway tracks of defendant at the intersection thereof by Kline street in the city of Aberdeen, collided with railway cars and a locomotive of defendant moving upon the tracks. Contending such collision to have resulted from the actionable wrong of defendant, plaintiff sued to recover damages suffered thereby, seeking $1,000 for minor personal injuries and $1,000 for destruction of his automobile.

Defendant, denying any fault or negligence, pleaded contributory negligence, and the case was tried to a jury. Defendant moved for directed verdict at the close of all the testimony upon the ground that the undisputed evidence showed contributory negligence as a matter of law, which motion being denied and the case submitted, the jury returned a general verdict for plaintiff, assessing his damages at $750. From judgment thereon and denial of its motion for new trial, defendant has appealed.

The judges are unanimously of the opinion that reversal is required because the court erred in permitting respondent to introduce evidence (over sufficient objection) that another railway company, whose tracks intersected Kline street about a quarter of a block north of appellant's tracks, maintained a watchman at its Kline street crossing. This evidence was inadmissible and plainly prejudicial. See McGovern v. Smith, 73 Vt. 52, 50 A. 549; Stephenson v. N. W. Pac. Ry. Co. (Cal. App.) 278 P. 263; Pennsylvania Ry. Co. v. Matthews, 36 N. J. Law 531.

With reference to the issue of contributory negligence, we think no useful purpose would be served by a lengthy recital of the evidence. After careful consideration and discussion thereof, two of the judges think that contributory negligence was properly left as a jury question. The majority, however, think that upon all the evidence, considering it in the light most favorable to respondent, he must be deemed to have been contributorily negligent as a matter of law, and they are therefore of the opinion that the motion for directed verdict should have been granted.

Pursuant to the majority view, the cause is remanded, and the trial court is directed to enter judgment for defendant notwithstanding the verdict.